OTTO P. PEHLE, PLAINTIFF-RESPONDENT, v. TOWNSHIP OF SADDLE RIVER, IN THE COUNTY OF BERGEN, DEFENDANT-APPELLANT.

Argued May 19, 1937—Decided October 26, 1937.

For the defendant-appellant, *Herbert A. Chary.*

For the plaintiff-respondent, *Major, Black & Carlsen.*

The opinion of the court was delivered by the

CAMPBELL, CHANCELLOR. This is an appeal from a judgment in favor of the plaintiff-respondent entered upon a verdict assessing his damages for a breach of contract. At the trial the attorney for appellant admitted the breach and that the issue was the question of damages and, without objection, permitted the trial judge to so charge the jury.

Prior to such trial a motion was made and heard seeking the striking of the amended answer upon the ground that it was sham and frivolous. The second separate defense was, by order, stricken.

The second separate defense which was stricken averred that there could be no recovery upon the contract in question because it "was illegal, *ultra vires,* and violative of the laws of the State of New Jersey * * * for the following reasons: (a) That the defendant municipality had no legal right to enter into the said alleged contract, by virtue of the fact that it had not acquired the lands and property upon which the improvement, pursuant to the terms of the said

alleged contract, was to be made. (b) That the said alleged contract was entered into in violation of the Statute * * * in that the mandate of the said statute was not followed in the making of said alleged contract. (c) That the said alleged contract was entered into in violation of the ordinance * * * providing for the acquisition of the said lands upon which said improvement was to be made, and further providing for the making of said improvement, in that the mandate of the said ordinance was not followed, in that the said lands required for said improvement were not acquired prior to the making of said contract."

The record before us does not show anything to substantiate factually this attempted defense, except the affidavit of the *township clerk* verifying the minutes of the township committee wherein it appears that one of the committeemen refused to second or vote for the resolution awarding the contract in question because "he understood a strip of ground had not been dedicated."

Where a motion is made to strike an answer, either in whole or in part, because it is sham or frivolous, or both, the affidavits legally and sufficiently challenging such pleading must be contradicted or rebutted by answering affidavits so as to raise a dispute as to facts or law, or both; otherwise the pleading will be struck. *Jaison* v. *Preferred Accident Insurance Company of New York,* 113 *N. J. L.* 108, 110.

Appellant urges the illegality of the contract because of the provisions of article 20, section 23, of the Home Rule act (*Pamph. L.* 1917, *p.* 379, as supplemented by *Pamph. L.* 1925, *ch.* 71), and argues that a contract for improvement cannot be entered into, where it is necessary to obtain lands, until they have been actually acquired. But this prohibition is not to be found in the statute. The only reservation therein is "except that if for any reason, such as that the aggregate awards for damages is so large as to render the making of the proposed improvement unwise in the judgment of the governing body, nothing in this act shall be construed to deprive it of power to abandon the proposed improvement and repeal the improvement ordinance at any time prior to

the confirmation of any award for lands to be taken thereunder."

But that does not here appear to be the situation. The appellant did not abandon the project because of excessive cost but because it found that it could not finance it. In fact, a separate contract for grading necessary to be performed before the contract in question could be undertaken was performed and paid for.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—HEHER, J. 1.